UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                          **MEMORANDUM OPINION AND ORDER**
                                         Crim. No. 16-169 (03) (MJD)

Melvin Hunter,

    Defendant.
_____

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *pro se*.
_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 371.)

**I.**     **Background**

On February 3, 2017, Defendant pleaded guilty to a lesser included offense of Count 1 of the Indictment which charged conspiracy to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. For purposes of the Plea Agreement, the parties agreed that the relevant drug quantity was at least 700 grams but less than 1 kilogram of heroin. (Doc. No. 182 (Plea Agreement at 2).) On August 10, 2017, Defendant was sentenced to term of

1

imprisonment of 168 months.  He is currently serving his sentence at Oxford FCI, and his projected release date is July 27, 2028.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded

for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has provided documentation that he submitted a request for a sentence reduction to the Warden, and that he received a response from the

---

by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

Warden on March 9, 2021 denying his request.  (Doc. No. 371-1 at 3.)  Accordingly, the Court will proceed to the merits of Defendant's motion.

Defendant is 27 years old.  His medical records indicate that he suffers from asthma and has been prescribed an inhaler.  (See Doc. No. 381-3 at 2.)  Defendant further claims he is obese, with a BMI near 32.  Defendant also tested positive for COVID-19 in October 2020, with no serious complications.  (Doc. No. 381-1.)  Defendant is now fully vaccinated against COVID-19.  (Doc. No. 381-2.)   The CDC reports that all COVID-19 vaccines are effective at preventing COVID-19 and it helps protect people from getting sick or severely ill with COVID-19.  www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness.html.  (last accessed July 27, 2021.)  As a result, courts have recognized that a defendant that has been fully vaccinated against COVID-19 has not demonstrated "extraordinary and compelling" due to medical conditions warranting release as required under § 3582(c)(1)(A).  See e.g., United States v. Hardaway, Crim. No. 15-60(02) (ADM/BRT), 2021 WL 2680245, at * 3 (D. Minn. June 30, 2021); United States v. Long, Crim. No. 13-66 (PAM/SER), 2021 WL 2588235, at *2 (D. Minn. June 24, 2021); United States

v. Williams, Crim. No. 16-251 (DWF/KMM), 2021 WL 1087692, at *4 (D. Minn. Mar. 22, 2021); United States v. Smith, Case No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021); United States v. Beltran, Crim. No. 6:16-4, 2021 WL 398491 (S.D. Tex. Feb. 1, 2021).

The Court further recognizes that the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them. See www.bop.gov/coronavirus/index.jsp. At this time, the facility at which Defendant is housed, Oxford FCI, reports there are no current active cases of COVID-19 at such facility.

Based on the record before it, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief. The medical records submitted demonstrate that Defendant is receiving appropriate medical attention for all his stated medical conditions, he has been fully vaccinated and he is currently incarcerated at a facility that has no active cases of COVID-19.

In his motion, Defendant also claimed that his grandmother was diagnosed with COPD, and that she needs Defendant to care for her.  Defendant has not provided any documentation to support this assertion, however.

The Court further finds that a sentence reduction in this case is not warranted as Defendant poses a danger to the community.  Defendant is currently serving a prison sentence for his conviction of conspiracy to distribute heroin.  Given his role in this offense conduct, which inevitably caused devastation to the community in which the drugs were sold, Defendant poses a danger to the community.  See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

The Court also finds that a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  A reduction in his sentence would not reflect the seriousness of the offense of conviction.  The Court further finds that a reduction in his sentence would not afford adequate deterrence to criminal conduct, and would not promote respect for the law or provide a just punishment.    Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 371] is **DENIED**.

Date:  September 13, 2021

s/Michael J. Davis
Michael J. Davis
United States District Court
